### RING et v. BARKER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8376. Decided Mar. 26, 1928.

Ferneding, PJ., Kunkle and Allread, JJ., of the 2nd Dist., sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

297. CONTRACTS—884. Parol Evidence—923. Pleadings.

1. Plaintiff cannot recover upon subsequent

modification of original contract unless such modification is pleaded.

2. Evidence to show parol modification of written contract and of performance thereof, held not admissible upon ground that statute of frauds does not permit recovery.

Error to Common Pleas.

Judgment reversed.

Maurer, Bolton & McGiffin, Cleveland, for Ring.

Patterson, O'Brien and Holland, Cleveland, for Barker.

FULL TEXT.

ALLREAD, J.

This action was brought by Barker against the Rings upon a contract for real estate commission dated May 3rd, 1926.

The defendants answered by an admission that the plaintiff was appointed agent for the sale of the real estate of plaintiffs in error on May 3rd, 1926, but denied all the other allegations of the petition. Later on, the defendants were permitted to amend by inserting the words: "but not in accordance with the contract set forth in plaintiff's petition." The plaintiff in support of his case offered Exhibit A, which was the contract of May 3rd, 1926, but which contains a stipulation that the property should not be sold for less than $8900.00. The plaintiff could not recover upon this contract alone and he therefore offered evidence tending to prove a subsequent parol modification of that contract by allowing the plaintiff to sell the property at the sum of $7450.00. When this evidence was offered, it was objected to by counsel for the defendant and the objection was overruled. This was the first error.

The plaintiff could not recover upon a subsequent modification of the original contract unless such modification was pleaded. See Blair Realty Co. vs. Frank, 26 N.P.N.S. 402. Evidence having been offered to show the parol modification of the contract and of the performance thereof, the defendants objected thereto, upon the ground that the statute of frauds did not permit a recovery. This objection was also overruled and was the second error.

It is clear that no plea could reach this modification of the original contract, as the same was not disclosed in the petition. We think the defendant was at liberty to raise the question of the statute of frauds when the parol contract for the modification of the original contract was first offered.

In view of these errors, we think the judgment must be reversed and the cause remanded for a new trial.

(Ferneding, PJ., and Kunkle, J., Concur.)